# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BRIAN JAMES HICKS**                                                                                  **PLAINTIFF**
**ADC #138964**

v.                               No: 4:22-cv-00634 KGB-PSH

**JOE GRIFFIN,** *et al.*                                                                              **DEFENDANTS**

## ORDER

Plaintiff Brian James Hicks, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 8, 2022 (Doc. No. 2). Hicks has paid the filing fee in full (Doc. No. 4).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court has reviewed Hicks' complaint and addenda (Doc. Nos. 2, 5 & 6). Hicks sues over 80 defendants. His complaint is 89 pages long with over 200 pages of documents attached. The Court cannot ascertain what his claims are. Accordingly, Hicks must file an amended complaint within 30 days to clearly explain why he is suing, to describe each defendant's involvement in

the violation of his rights, and to describe how he was injured as a result. He may not rely on grievances or other documents in lieu of a **short** and **concise** statement describing his claims. *See* Fed. Civ. Rule P. 8(d).

To the extent Hicks challenges his underlying criminal conviction, he may not do so in a §1983 case. If release from confinement is sought, the appropriate action is a federal habeas petition, pursuant to 28 U.S.C. § 2254, once the prisoner has exhausted his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973). Furthermore, a plaintiff may not seek damages for any violations relating to his criminal conviction if a judgment in his favor would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).

To the extent Hicks alleges the conditions of his confinement are unconstitutional, he must limit his claims to describe only one factually related incident or issue. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple

defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[1]

The Clerk of Court is directed to send a blank § 1983 complaint form to Hicks. Hicks is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may dismiss this case.

IT IS SO ORDERED this 19th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).