IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN JAMES HICKS**  **PLAINTIFF**
ADC #138964

v.   Case No. 4:22-cv-00634-KGB-PSH

**JOE GRIFFIN**, *et al.*  **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Partial Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 20). Plaintiff Brian James Hicks has filed objections to the Proposed Findings and Partial Recommendation (Dkt. No. 27). After careful consideration of the Proposed Findings and Partial Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Proposed Findings and Partial Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 20).

I.   **Background**

Mr. Hicks, currently confined in the East Arkansas Regional Unit of the Arkansas Division of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2.). On August 19, 2022, Judge Harris entered an Order directing Mr. Hicks to file an amended complaint within 30 days to clarify his claims (Dkt. No. 8). Mr. Hicks did not file timely an amended complaint, and, in a brief filed on September 19, 2022, Mr. Hicks stated that he wished to "cancel all amended complaints and stand on his original complaint." (Dkt. No. 16, at 10).

Judge Harris reviewed Mr. Hicks's original complaint and addenda in which Mr. Hicks named over 80 defendants and listed numerous complaints (Dkt. Nos. 2, 5, 6). Judge Harris determined that the bulk of Mr. Hicks's 89-page complaint concerns the constitutionality of his

conviction for rape and his contention that he is falsely imprisoned (Dkt. No. 20, at 3). Judge Harris explained that Mr. Hicks cannot challenge his underlying criminal conviction in a case brought under § 1983 but must do so in a federal habeas petition (*Id*., at 20).[1] Further, Judge Harris explained to Mr. Hicks that he may only bring one § 1983 claim in his lawsuit and the first claim described by Mr. Hicks in his complaint concerned an incident that occurred on June 22, 2021, involving a claim of excessive force. Accordingly, Judge Harris allowed Mr. Harris to move forward on his claim of excessive force and recommended dismissal of all of Mr. Hicks's unrelated § 1983 claims because they are factually unrelated to his June 22, 2021, excessive force claim and must be brought in a separate lawsuit (Dkt. No. 20, at 5-6).

**III.    Analysis**

The Court writes separately to address Mr. Hicks's objections (Dkt. No. 27). Mr. Hicks's objections largely relate to his complaints concerning the constitutionality of his conviction for rape and his contention that he is unlawfully detained (Dkt. No. 27, at 1-10). However, as set forth above, Mr. Hicks cannot challenge his underlying criminal conviction in a § 1983 case. Mr. Hicks may not seek damages for violations related to his criminal conviction if a judgment in his favor would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, and the conviction or sentence has not been reversed, expunged, or called into question

---

[1] Mr. Hicks has brought several federal habeas petitions in this Court. *See Hicks v. Rutledge*, Case No. 4:22-cv-1074 (E.D. Ark. Nov. 3, 2022); *Hicks v. Payne*, Case No. 4:20-cv-01466, 2021 WL 817072 (E.D. Ark. Mar. 3, 2021); *Hicks v. Kelley*, No. 5:18-cv-00286 (E.D. Ark. Nov. 9, 2018); *Hicks v. Kelley*, No. 5:18-cv-00062 (E.D. Ark. Mar. 5, 2018); *Hicks v. Kelley*, No. 5:17-cv-00022 (E.D. Ark. Jan. 24, 2017); *Hicks v. Kelley*, Case No. 5:16-cv-00207 (E.D. Ark. July 6, 2016). Both the district court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability in each case appealed. *Id.*; *Hicks v. Kelley*, Case No. 18-2266 (8th Cir. Aug. 13, 2018); *Hicks v. Kelley*, Case No. 17-1495 (8th Cir. July 31, 2017); *Hicks v. Kelley*, Case No. 16-04208 (8th Cir. May 9, 2017). Mr. Hicks did not appeal the district court's decision in *Hicks v. Kelley*, Case No. 5:18-cv-00286 (E.D. Ark. Jan. 3, 2019).

by issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Mr. Hicks's inclusion of some claims related to the conditions of his confinement does not give the Court jurisdiction to consider Mr. Hicks's successive habeas petition without approval from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3); see also *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Mr. Hicks's objections lack merit.

V. **Conclusion**

For these reasons, the Court adopts the Proposed Findings and Partial Recommendation in their entirety as this Court's findings in all respects (Dkt. No. 20). Therefore, it is ordered that:

1. Mr. Hicks may proceed with his excessive force claim against defendants Moreion Kelly, John Doe, Leavy Watson, III, Roosevelt Barden, and Sergeant Sykes in their individual capacities related to events occurring June 22, 2021 (Dkt. No. 2);

2. Mr. Hicks's other claims and against all other defendants are dismissed without prejudice (Dkt. Nos. 2, 5, 6).

So ordered, this 20th day of December, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge