IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN JAMES HICKS**                                                                         **PLAINTIFF**
**ADC #138964**

**v.**                         **Case No. 4:22-cv-00634-KGB-PSH**

**JOE GRIFFIN,** *et al.*                                                      **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Partial Recommendation (the "2025 Recommendation") submitted by United States Magistrate Judge Patricia S. Harris on June 26, 2025 (Dkt. No. 147). Arkansas Division of Correction ("ADC") defendants Captain Roosevelt Barden, Sergeant Jeremy Sykes, and Sergeant Leavy Watson III ("ADC Defendants") filed partial objections to the Recommendation (Dkt. No. 148). Plaintiff Brian James Hicks, after being granted a motion for extension of time, also filed objections to the jurisdiction of his judgment of conviction pursuant Arkansas Code Annotated § 16-65-108 and 28 U.S.C. § 1651 and to the proposed findings and recommendations as well as another brief in support of motion for summary judgment, which the Court construes as supplemental objections to the 2025 Recommendation (Dkt. No. 150). After careful consideration of the 2025 Recommendation, the ADC Defendants' partial objections, Mr. Hicks's objections and supplemental objections, and a *de novo* review of the record, the Court adopts, in part, and declines to adopt, in part, the 2025 Recommendation (Dkt. No. 147).

Also before the Court are Mr. Hicks's motions to take judicial notice, which are nearly identical (Dkt. Nos. 152; 155). On August 4, 2025, Mr. Hicks filed his "motion to correct plaintiffs' motion to take judicial notice w/ evidence DE 152" and "motion to correct docket text 153 to plaintiffs' brief in support of motion to take judicial notice" (Dkt. Nos. 157; 158). It appears

to the Court that Mr. Hicks wishes to substitute the recently filed motion to take judicial notice and brief for those that he filed on July 17, 2025 (*Id.*). For the following reasons, the Court grants Mr. Hicks's motion to correct his motion to take judicial notice and his motion to correct his brief in support of his motion to take judicial notice (Dkt. Nos. 157; 158), dismisses as moot the motion to take judicial notice (Dkt. No. 152) and denies Mr. Hicks's corrected motion to take judicial notice (Dkt. No. 155).

I. **Background**

Mr. Hicks, an ADC inmate, filed this civil rights lawsuit *pro se* (Dkt. No. 2). The Court screened Mr. Hicks's complaint and in a Proposed Findings and Partial Recommendation submitted October 14, 2022 (the "2022 Recommendation"), Judge Harris determined that Mr. Hicks had asserted that Lieutenant[1] Moreion Kelly had pepper sprayed Mr. Hicks in the face, an unnamed officer kicked him down the stairs, and Sergeant Sykes, Captain Barden, and Sergeant Watson "suckered punch [him] from behind in the head and started kicking, stomping, and punching him while on the floor still in handcuff[s] behind his back . . . ." (Dkt. No. 20, at 5 (citing Dkt. No. 2, at 44)). Mr. Hicks's excessive force claims against Lieutenant Kelly, the unnamed officer who kicked Mr. Hicks down the stairs ("Doe"), Sergeant Sykes, Captain Barden, and Sergeant Watson in their individual capacities should proceed (Dkt. No. 20, at 6). The Court further determined that Mr. Hicks's other claims should be dismissed without prejudice (Dkt. No. 20, at 6). This Court agreed and adopted Judge Harris's recommendation dismissing many of Mr.

---

[1] Mr. Hicks originally named a defendant "Kelley" and a defendant "Kelly." Defendant Kelley has been terminated from the lawsuit. Defendant Kelly was later named as "Corporal Moreion Kelly" on the docket. Moreion Kelly is also referred to in some places in the record as "Captain Kelly." The declaration of Captain Barden refers to former defendant Kelly as Lieutenant Moreion Kelly (Dkt. No. 129-3, ¶ 5). The Court will refer to defendant Kelly as "Lieutenant Kelly" throughout the Order.

Hicks's other claims because Mr. Hicks cannot raise claims that challenge his underlying criminal conviction in a 42 U.S.C. § 1983 complaint, and he may not seek damages for any violations relating to his criminal conviction, continued imprisonment, or sentence, if the conviction or sentence has not been reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus (Dkt. Nos. 20, at 4; 55, at 2–3). [2] *See Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994). Further, the Court determined that Mr. Hicks may not raise claims that were factually unrelated to his June 21, 2022, excessive force claim (Dkt. Nos. 20; 55).

The Court adopted Judge Harris's 2022 Recommendation in an Order dated December 20, 2022, over Mr. Hicks's objections, which are like the ones he raises here (Dkt. No. 55). The Court reasoned that Mr. Hicks's objections lacked merit and determined that Mr. Hicks could proceed with his excessive force claims against the Doe defendant, Lieutenant Kelly, Seargeant Sykes, Captain Barden, and Sergeant Watson in their individual capacities, but it dismissed all other claims against all other defendants without prejudice (Dkt. No. 55, at 3).[3]

On July 31, 2023, Lieutenant Kelly and Sergeant Watson filed a partial motion for summary judgment on exhaustion (Dkt. No. 88). In the motion, the Assistant Inmate Grievance Coordinator for the ADC explained that Mr. Hicks only filed two grievances related to his claims

---

[2] Mr. Hicks has brought several federal petitions for writ of *habeas corpus* in this Court. *See Hicks v. Rutledge*, Case No. 4:22-cv-1074 (E.D. Ark. Nov. 3, 2022); *Hicks v. Payne*, Case No. 4:20-cv-01466, 2021 WL 817072 (E.D. Ark. Mar. 3, 2021); *Hicks v. Kelley*, Case No. 5:18-cv-00286 (E.D. Ark. Nov. 9, 2018); *Hicks v. Kelley*, Case No. 5:18-cv-00062 (E.D. Ark. Mar. 5, 2018); *Hicks v. Kelley*, Case No. 5:17-cv-00022 (E.D. Ark. Jan. 24, 2017); *Hicks v. Kelley*, Case No. 5:16-cv-00207 (E.D. Ark. July 6, 2016). Both the district court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability in each case appealed. *Id.*; *Hicks v. Kelley*, Case No. 18-2266 (8th Cir. Aug. 13, 2018); *Hicks v. Kelley*, Case No. 17-1495 (8th Cir. July 31, 2017); *Hicks v. Kelley*, Case No. 16-04208 (8th Cir. May 9, 2017). Mr. Hicks did not appeal the district court's decision in *Hicks v. Kelley*, Case No. 5:18-cv-00286 (E.D. Ark. Jan. 3, 2019).

[3] The "Doe" defendant was dismissed in an Order dated March 4, 2024, adopting Judge Harris's November 1, 2023, Proposed Findings and Partial Recommendation (Dkt. No. 112).

in the lawsuit, grievances EAM21-1414 and EAM21-1404 (Dkt. No. 88-1, ¶ 34).  While Mr. Hicks appealed grievance EAM21-1414 to the final level of the grievance process, grievance EAM21-1404 was rejected on appeal, and Mr. Hicks never received a decision on the merits at the appeal level (Dkt. Nos. 88-4, at 6; 88-5, at 3).  Neither grievance mentioned use of pepper spray at all, let alone by any of the ADC Defendants (Dkt. Nos. 88-4; 88-5).  The only excessive force allegations made by Mr. Hicks in the two grievances were that he was physically assaulted by Captain Barden and Sergeant Sykes in isolation cell 2-34 (*Id.*).

On November 1, 2023, Judge Harris entered Proposed Findings and Partial Recommendations (the "2023 Recommendation") on the motion for summary judgment on exhaustion recommending that all claims against Lieutenant Kelly be dismissed because Mr. Hicks had not exhausted any claims against Lieutenant Kelly, including any claim regarding pepper spray (Dkt. No. 102, at 11).  The Court adopted Judge Harris's 2023 Recommendation on the motion for summary judgment on exhaustion and dismissed all claims against Lieutenant Kelly (Dkt. No. 112).

On October 4, 2024, ADC Defendants filed a motion for summary judgment asserting that there are no genuine disputes as to any material fact and that they are entitled to judgment as a matter of law (Dkt. No. 129, ¶ 4).  On November 15, 2024, Mr. Hicks responded by filing a motion for summary judgment, which the Court considered as his response to the ADC Defendants' motion for summary judgment and in which Mr. Hicks continued to assert that ADC Defendants used excessive force against him (Dkt. No. 136, at 4–5).[4]  Mr. Hicks argued that there are genuine issues of material facts in dispute that warrant a trial (*Id.*).

---

[4] The ADC Defendants filed a motion to strike Mr. Hicks's motion for summary judgment because it was untimely filed (Dkt. No. 141).  In a text Order entered December 2, 2024, Judge Harris denied the ADC Defendants' motion to strike Mr. Hicks's motion for summary

**II.     Analysis**

At his deposition, Mr. Hicks clarified the allegations in his complaint and testified that it was Sergeant Sykes, and not Lieutenant Kelly, who used pepper spray on him during the incident on June 22, 2021 (*Id*., at 14 , ¶¶ 71–72).[5]  In her 2025 Recommendation on the ADC Defendants' motion for summary judgment, Judge Harris recommends that the Court permit Mr. Hicks to proceed with an excessive force claim against Sergeant Sykes for the use of pepper spray because there are genuine disputes of material fact regarding what happened inside Mr. Hicks's cell when he was pepper sprayed (Dkt. No. 147, at 15).  The ADC Defendants maintain that Mr. Hicks should not be permitted to maintain an excessive force claim against Sergeant Sykes based on the use of pepper spray because the Court, when screening Mr. Hicks's complaint, did not recognize that Mr. Hicks raised an excessive force claim against *Sergeant Sykes* for the use of pepper spray.  While this is true, the Court is not aware of any rule preventing Mr. Hicks from moving to amend his complaint to raise such a claim.  Even if Mr. Hicks moves to amend his complaint to make this claim against Sergeant Sykes, the motion would be futile because, as set forth in Judge Harris's 2023 Recommendation, Mr. Hicks did not exhaust an excessive force claim with respect to the use of pepper spray against Sergeant Sykes or any other ADC Defendant (Dkt. Nos. 88-4; 88-5; 102, at 10–11; 112).  Accordingly, the Court declines to adopt the portion of Judge Harris's 2025 Recommendation recommending that Mr. Hicks be allowed to proceed with an excessive force claim against Sergeant Sykes for the use of pepper spray.

---

judgment despite its untimeliness and advised the parties that it would consider the motion as Mr. Hicks's response to the ADC defendants' motion for summary judgment (Dkt. No. 143).
      [5]  Sergeant Sykes states in his declaration in support of the ADC Defendants' motion for summary judgment that he administered "a burst of chemical agent" to Mr. Hicks on June 22, 2021, while he was in his cell (Dkt. No. 129-1, ¶ 10).

In his objections, Mr. Hicks continues to object to the dismissal of claims and defendants that the Court dismissed pursuant to Judge Harris's 2022 Recommendation claiming that the Court lacked "jurisdiction" to dismiss those claims.  As best as the Court can determine, Mr. Hicks again seeks to relitigate his state court criminal conviction.  For the reasons set forth in Judge Harris's 2022 Recommendation, which was adopted by this Court in its Order dated December 20, 2022, those claims are not properly brought in a 42 U.S.C. § 1983 complaint (Dkt. Nos. 20; 55).  The Court will not reconsider its Order adopting Judge Harris's 2022 Recommendation at this stage in the proceedings.  The Court overrules Mr. Hicks's objections (Dkt. Nos 150; 153).  Mr. Hicks may proceed with his excessive force claims against Sergeant Sykes and Captain Barden related to his physical assault on June 22, 2021, which Judge Harris refers to as the "alleged Isolation Cell Assault." (Dkt. No. 147, at 12–16).

### III.    Motion To Take Judicial Notice

Also before the Court are Mr. Hicks's motions to take judicial notice, which are nearly identical (Dkt. Nos. 152; 155).  On August 4, 2025, Mr. Hicks filed his "motion to correct plaintiffs' motion to take judicial notice w/ evidence DE 152" and "motion to correct docket text 153 to plaintiffs' brief in support of motion to take judicial notice" (Dkt. Nos. 157; 158).  It appears to the Court that Mr. Hicks wishes to substitute the recently filed motion to take judicial notice and brief for those that he filed on July 17, 2025 (*Id*.).  The Court grants Mr. Hicks's motion to correct his motion to take judicial notice and his motion to correct his brief in support of his motion to take judicial notice (Dkt. Nos. 157; 158).  The Court denies as moot Mr. Hicks's motion to take judicial notice filed July 17, 2025 (Dkt. No. 152).

As best as the Court can determine, in his corrected motion to take judicial notice Mr. Hicks asks the Court to take judicial notice of and "set aside the void judgment" entered in his criminal

case (Dkt. No. 157, ¶¶ 1–5).  As set forth above, the Court will not consider any matters related to Mr. Hicks's underlying criminal conviction or sentence because the Court has dismissed all claims related to his criminal conviction as improperly raised in a § 1983 complaint (Dkt. Nos. 20, at 4; 55, at 2–3).  Mr. Hicks also asks the Court to take judicial notice of the evidence of excessive force (Dkt. No. 155, ¶ 6).  The Court has determined that there are genuine disputes of material fact regarding Mr. Hicks's claims of excessive force that require a trial.  Accordingly, the Court denies Mr. Hicks's motion to take judicial notice of his evidence of excessive force.  Finally, Mr. Hicks discusses a "false imprisonment" claim (*Id*., ¶ 7).  As set forth above, the Court dismissed Mr. Hicks's "false imprisonment" claim from this lawsuit when it adopted Judge Harris's 2022 Recommendation.

In summary, the Court grants Mr. Hicks's motions to correct his motion to take judicial notice and his motion to correct his brief in support of his motion to take judicial notice (Dkt. Nos. 157; 158); the Court denies as moot the motion to take judicial notice filed July 17, 2025 (Dkt. No. 152); and the Court considers but denies Mr. Hicks's corrected motion to take judicial notice (Dkt. No. 155).

## IV.    Conclusion

It is therefore ordered that:

1.     The Court adopts, in part, and declines to adopt, in part, the 2025 Recommendation (Dkt. No. 147).  The Court adopts Judge Harris's recommendation that the Court deny Mr. Hicks's motion for summary judgment (*Id*., at 16).  The Court declines to adopt Judge Harris's recommendation that Mr. Hicks may proceed with an excessive force claim involving the use of pepper spray against Sergeant Sykes (*Id*.).  The Court overrules Mr. Hicks's objections and adopts the remainder of Judge Harris's 2025 Recommendation (Dkt. Nos. 147; 150; 153).

2. The Court dismisses with prejudice Mr. Hicks's claims against Sergeant Watson (Dkt. No. 2).

3. The Court dismisses without prejudice Mr. Hicks's claims of excessive force against Sergeant Sykes related to the use of pepper spray (*Id.*).

4. The Court grants Mr. Hicks's motions to correct his motion to take judicial notice and to correct his brief in support of his motion to take judicial notice (Dkt. Nos. 157; 158).

5. The Court denies as moot the motion to take judicial notice filed July 17, 2025 (Dkt. No. 152).

6. The Court denies Mr. Hicks's corrected motion to take judicial notice (Dkt. No. 155).

7. Mr. Hicks may proceed with his excessive force claims against Sergeant Sykes and Captain Barden related to his physical assault.

So ordered, this 8th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge